IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| TIMOTHY WAYNE BARNETT, #204 906 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-408-F |
| | WO |
| RALPH HOOKS, WARDEN, *et al.*, | * |
| Respondents. | * |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Timothy Barnett on May 2, 2005. In this petition, Petitioner challenges his conviction, pursuant to his plea of guilty, to capital murder entered against him by the Circuit Court for Autauga County, Alabama, on April 28, 1999. On May 27, 1999 the trial court sentenced Petitioner to a life imprisonment without the possibility of parole. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction in a memorandum opinion filed April 21, 2000 and issued a certificate of judgment on May 9, 2000. By operation of law, Petitioner's convictions became final on May 23, 2000.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Petitioner's convictions became final in 2000- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a Rule 32 petition with the trial court on April 25, 2003. They argue, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted of capital murder pursuant to his plea of guilty in the Circuit Court for Autauga County, Alabama, on April 28, 1999. On May 27, 1999 the trial court imposed sentence on Petitioner. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on April 21, 2000 and issued a certificate of judgment on May 9, 2000. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 1999 capital murder

conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[2]  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).  Thus, Petitioner's capital murder conviction became final on May 23, 2000 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until the limitation period expired on May 23, 2001.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[3]

---

[2] Respondents' contention that Petitioner's conviction became final on May 9, 2000 upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment fails to take into account the fourteen days within which Petitioner could have filed a petition for writ of certiorari.  Upon expiration of the fourteen days within which Petitioner could have filed a petition for writ of certiorari after the appellate court's issuance of a certificate of judgment, his conviction became final.

[3] Petitioner filed a Rule 32 petition in state court on April 25, 2003 - 23 months after § 2244(d)'s one-year period of limitation had expired.

The court notes Respondents' discussion regarding Petitioner's filing of petitions for writs of mandamus with the Alabama Court of Criminal Appeals and the Alabama Supreme Court on July 1, 2002 and August 1, 2002, respectively, requesting those courts to order the trial court to rule on his Rule 32 petition which he claimed to have filed on April 26, 2001.  Both courts denied relief on the petitions for mandamus

"[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on April 25, 2003 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before July 6, 2005 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 17th day of June, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

based on their determinations that there was no record of a Rule 32 petition having been filed by Petitioner on said date. Because there is nothing in the record which indicates that Petitioner properly filed a Rule 32 petition prior to April 25, 2003, the court's calculation of the limitation period applicable to the instant petition is necessarily limited to this date.