IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TIMOTHY WAYNE BARNETT,<br>#204 906 | * | |
|      Petitioner, | * | |
| v. | * | 2:05-CV-408-MEF<br>(WO) |
| RALPH HOOKS, WARDEN, *et al.*, | * | |
|      Respondents. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Timothy Barnett ["Barnett"], on May 2, 2005.  In this petition, Barnett challenges his  conviction, pursuant to his plea of guilty, to capital murder entered against him by the Circuit Court for Autauga County, Alabama, on April 28, 1999.  On May 27, 1999 the trial court sentenced Petitioner to  life imprisonment without the possibility of parole. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction in a memorandum opinion filed April 21, 2000 and issued a certificate of judgment on May 9, 2000. By operation of law, Petitioner's conviction became final on May 23, 2000.  *(Doc. No. 9, Exhs. A, B, C.*)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  Respondents contend that because Barnett's conviction became final in 2000- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Barnett filed a Rule 32 petition with the trial court on April 25, 2003.  They argue, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Barnett that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 10*.)  The order also gave Barnett an opportunity to show cause why his petition should not be barred from review by this court. (*Id*.)  Barnett filed his response on July 1, 2005.  (*Doc. No. 13*.)  Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

## II. DISCUSSION

*A. Statute of Limitations*

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Barnett  was convicted of capital murder pursuant to his plea of guilty in the Circuit Court for Autauga County, Alabama, on April 28, 1999.  On May 27, 1999 the trial court imposed sentence on Barnett.  Barnett filed a direct appeal.  The Alabama Court of Criminal Appeals affirmed Barnett's conviction on April 21, 2000 and issued a certificate of judgment on May 9, 2000. (*Doc. No. 9, Exhs. B, C.*)  Since Barnett did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 1999 capital murder conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[2]  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state

---

[2]Respondents' contention that Barnett's conviction became final on May  9, 2000 upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment fails to take into account the fourteen days within which Barnett could have filed a petition for writ of certiorari.  Upon expiration of the fourteen days within which Barnett could have filed a petition for writ of certiorari after the appellate court's issuance of a certificate of judgment, his conviction became final.

court).  Thus, Barnett's capital murder conviction became final on May 23, 2000 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until the limitation period expired on May 23, 2001.

   *i. Statutory Tolling*

   28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Although Barnett filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is, therefore, clear that the state post-conviction petition filed by Barnett on April 25, 2003 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

4

ii.  *Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*. at 1286.

Barnett argues that he is entitled to equitable tolling of the limitation period because he believed a Rule 32 petition, which he purports to have filed on April 26, 2001, was pending before the trial court.  The state court records, however demonstrate that no such petition was ever filed, (*see Doc. No. 9, Exhs. F, J, N*), and Barnett  presents nothing to dispute the state court  records.[3]  Barnett's mere assertion that he filed a Rule 32 petition

---

[3]On August 1, 2002 Barnett filed  a petition for writ of mandamus with the Alabama Supreme Court. In that petition, Barnett requested the Court to order the trial judge to allow him to file his Rule 32 petition *nunc pro tunc* as thought it was filed on April 30, 2001.  In support of his mandamus petition, Barnett included a signature page from a form utilized in filing a Rule 32 petition which contained Barnett's signature  dated April 26, 2001, as well as the signature of a law library supervisor  dated April 26, 2001. (*See Doc. No. 9, Exh. H*)  Barnett also submitted his own affidavit and affidavits from three other inmates who allegedly saw Barnett standing in line in the prison mail room on April 26, 2001 with his Rule 32 petition.  The Alabama

with the trial court on or about April 26, 2001 is insufficient to refute the documents and

record submitted as documentary proof that no such petition was ever filed with the trial

court prior to April 25, 2003. Barnett presents no credible evidence which suggests that he

actually filed a post-conviction petition with the trial court on April 26, 2001 and/or that the

trial court actually received such document. Nor has Barnett submitted any documentation

demonstrating that he exercised due diligence in either determining the status of this alleged

petition or in filing a Rule 32 petition upon learning from the state courts that they had no

record of a post-conviction petition having been filed by him.[4] Thus, despite Barnett's

arguments to the contrary, there is no record evidence which indicates that he properly filed

a Rule 32 petition on April 26, 2001.

 Barnett also argues that he is entitled to equitable tolling because appellate counsel

_____

Supreme Court noted that Barnett provided no prison mail log or any type of receipt nor had he filed any evidence indicating that he re-filed or even attempted to re-file the Rule 32 petition with the trial court. Thus, the Court concluded that it could not grant Barnett's requested relief because there was "*no pending Rule 32 petition for this Court to direct the circuit court to treat as having been filed on April 30, 2001.*" *See Ex Parte Barnett*, 858 So. 2d 948 (2003) (emphasis in original).

 [4]According to documents and exhibits before the court, a period of more than eight months passed from the time Barnett purportedly filed a Rule 32 petition on April 26, 2001 before he requested information in January 2002 from the Circuit Court for Autauga County as to whether they received for filing a Rule 32 petition in regard to his criminal case in CC-98-301. (*See Doc. No. 9, Exh. H at pg. 11*.) In his petition for writ of mandamus to the Supreme Court of Alabama, Barnett advised the Court that he never received a response to this inquiry. (*Id. at pg. 3*.) Furthermore, despite being put on notice on or about July 15, 2002 by the trial court's response to his July 1, 2002 petition for writ of mandamus to the Alabama Court of Criminal Appeals that it had no record of a Rule 32 petition ever having been filed by Barnett , he waited until April 25, 2003, a period of more than nine months, to file a post-conviction petition (the Alabama Court of Criminal Appeals denied the mandamus petition on July 19, 2002 after which Barnett filed his petition for writ of mandamus to the Alabama Supreme Court on August 1, 2002 which was denied on March 14, 2003). (*See Doc. No. 9, Exhs. G-N*.)

failed to communicate to him that his direct appeal had been denied and he only learned of the denial after writing  to the Alabama Supreme Court which forwarded Barnett's inquiry to the Alabama Court of Criminal Appeals.  In a letter dated August 17, 2000, the Clerk of the Court of Criminal Appeals advised Barnett that his case was affirmed by memorandum on April 21, 2000 and became final on May 9, 2000 when the certificate of judgment was issued. (*Doc. No. 13, Exh. A.*)  Barnett complains that counsel's conduct denied him the opportunity to have an additional ninety days added to the  one-year limitation period.

As noted, even a properly filed Rule 32 petition must be pending during  the one-year period of limitation applicable to federal habeas corpus petitions in order to toll the limitation period.  Even allowing Barnett equitable tolling from August 17, 2000, a period of more than two years and eights months lapsed before he filed a Rule 32 petition with the trial court on April 23, 2003.  Because the petition was filed following the expiration of the limitation period under § 2244(d), it could not  toll federal limitation period because there was no period remaining to be tolled.  *See Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001).

Barnett also argues that he is entitled to equitable tolling because Respondents failed to exclude all legal holidays when  calculating the limitation period applicable to his habeas application. According to Barnett, by including legal holidays in the calculation of § 2244(d)'s statute of limitations, such would extend the limitation period applicable to his habeas petition by an additional fourteen days.  Notwithstanding that an additional fourteen

7

days would not save Barnett's federal habeas petition from being time-barred, his argument is also frivolous.  The limitation period under § 2244(d) does not include an additional 14 days past the one-year deadline to account for legal holidays.  Pursuant to Rule 6, *Federal Rules of Civil Procedure*, "[i]n computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday. . ."  Thus, only if the last day of the limitation period fell on a Saturday, a Sunday, or a legal holiday would the one-year deadline be extended beyond 365 days, and then, only until the next business day.

Based on the foregoing analysis, the court concludes that Barnett has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action.    There is no evidence in the record tending to show that Barnett's delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were both beyond his control and unavoidable with the exercise of diligence.  Because he has failed to set forth the existence of "extraordinary circumstances" which prevented the filing of a timely habeas petition, *see Drew*, 297 F.3d at 1290; *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), Barnett is not entitled to equitable tolling of the limitation period.

8

### III.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Timothy Barnett be DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before  December 21, 2006.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

9

Done, this 4th day of December, 2006.


/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE